TGT, LLC v Advance Entertainment, LLC (2022 NY Slip Op 05818)

TGT, LLC v Advance Entertainment, LLC

2022 NY Slip Op 05818

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 650633/17 Appeal No. 16491 Case No. 2021-02635 

[*1]TGT, LLC, Plaintiff-Respondent,
v
Advance Entertainment, LLC et al., Defendants-Appellants, Reset Partners, LLC, et al., Defendants.

Cyruli Shanks & Zizmor LLP, New York (James E. Schwartz of counsel), for appellants.
Condon & Forsyth LLP, New York (Joseph E. Czerniawski of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about June 28, 2021, which, to the extent appealed from, denied defendants Advance Entertainment, LLC, and Joseph Meli's (collectively defendants) motions to vacate the default judgment against them, unanimously affirmed, without costs.
A default judgment was entered against defendants after they failed to comply with court orders directing them to answer the third and fourth amended verified complaints, or risk being held in default. Defendants did not oppose plaintiff's motion for a default judgment against them, although properly served with notice of the motion.
The court properly denied defendants' motions to vacate the default judgment pursuant to CPLR 5015(a)(1), which were made outside the one-year time limitation, and without a valid excuse (see Carter v Daimler Trust, 177 AD3d 541 [1st Dept 2019]). Defendants showed neither a reasonable excuse for their default in answering nor a meritorious defense to the fraud claims against them, which are based on the same facts that supported the criminal charges against Meli to which he has pleaded guilty in federal court (see U.S. Bank Trust N.A. v Rivera, 187 AD3d 624, 625 [1st Dept 2020]).
The court properly rejected defendants' alternative argument that they are entitled to vacatur under CPLR 5015(a)(4), based on lack of jurisdiction. Defendants did not move on that basis, but improperly raised the issue for the first time in reply (see e.g. Gumbs v Flushing Town Ctr. III, L.P., 114 AD3d 573, 574 [1st Dept 2014]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022